FILED
2021 Jul-16 AM 10:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DRAPER F. WOODYARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-cv-02013-AMM-HNJ |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On January 20, 2021, the Magistrate Judge granted *pro se* plaintiff Draper Woodyard's application to proceed *in forma pauperis,* excusing him from paying an initial partial filing fee, but requiring him to return a signed Prisoner Consent Form within thirty days. Doc. 5. The Magistrate Judge advised Mr. Woodyard that the failure to comply could constitute grounds for dismissal. *Id.* After the Clerk sent the order of the Magistrate Judge to Mr. Woodyard, the court received a notice of Mr. Woodyard's change of address because the Alabama Department of Corrections transferred Mr. Woodyard. Doc. 9. The Clerk then resent to Mr. Woodyard the January 20, 2021 order of the Magistrate Judge.

Mr. Woodyard did not return a signed Prisoner Consent Form. Instead, on February 17, 2021, he filed a statement that he wished to proceed with his complaint. Doc. 10. On March 15, 2021, the Magistrate Judge again ordered Mr. Woodyard to

return a signed Prisoner Consent Form within fourteen days, and again advised him that the failure to do so could result in the dismissal of his action. Doc. 11. Mr. Woodyard again failed to comply, opting instead to file an interlocutory appeal. Doc. 14. The Eleventh Circuit Court of Appeals ultimately dismissed Mr. Woodyard's appeal pursuant to 11th Cir. R. 42-1(b) based upon his failure to pay the applicable fees or file a signed consent form. Doc. 21.

Upon dismissal of the appeal, the Magistrate Judge provided Mr. Woodyard a third opportunity to comply with this court's orders to return a signed Prisoner Consent Form. Doc. 22. Mr. Woodyard again did not return a signed Prisoner Consent Form. Mr. Woodyard did file a response challenging this court's procedures. Doc. 23.

The Magistrate Judge entered a report and recommendation on May 27, 2021, recommending dismissal of this action based on Mr. Woodyard's repeated failures to comply with court orders and return a signed Prisoner Consent Form. Doc. 24. Mr. Woodyard filed timely objections to the report and recommendation. Doc. 25. Therein, Mr. Woodyard claims the "consent form and forma pauperis was mailed to the Clerk of the Court (11th Cir.) in all cases on appeal" and "forma pauperis was mailed to the Clerk of the District Court." *Id.* at 2. Mr. Woodyard further stated, "If the District Court didn't receive the copy of the forma pauperis and consents that's a problem for the 'Clerk' of the Court (District) to take up with the Clerk of the 11th

Circuit. I'm certainly not sending my copy to the District Court." *Id*. Mr. Woodyard also stated that if the district court "remove[s] 1¢ from my account without continuing the service on my complaints, legal action will be taken against everybody in that building." *Id.* (alteration added).

The only Prisoner Consent Form in the records of the Northern District of Alabama that was filed by Mr. Woodyard was filed on May 13, 2021 in two other cases: *Woodyard v. Alabama Department of Corrections*, 5:19-cv-01959-LSC-JEO, Doc. 15 (filed approximately fifteen months after that action was dismissed based on Mr. Woodyard's failure to prosecute) and *Woodyard v. Peck*, 5:19-cv-01850-ACA-JEO, Doc. 24 (filed approximately thirteen months after that action was dismissed based on Mr. Woodyard's failure to prosecute). Mr. Woodyard has not filed a Prisoner Consent Form in this case.

In his appeal of *Woodyard v. Peck*, Mr. Woodyard submitted a consent form directly to the Eleventh Circuit. Thereon, he listed Case Nos. 5:19-cv-1850; 5:19-cv-1959; 5:20-cv-2013; and 5:20-cv-2021. *Woodyard v. Peck*, No. 21-11130 (11th Cir. May 13, 2021). Because a Prisoner Consent Form must be filed in each case and each appeal, *see* 28 U.S.C. § 1915(a)-(b) and 11th Cir. R. 24-2 Internal Operating Procedures, the Eleventh Circuit did not forward that consent form to this court or apply it in Mr. Woodyard's other appeals pending in that Court. Further, the

3

Eleventh Circuit had dismissed Mr. Woodyard's appeal in the instant action prior to its receipt of that form.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). The court's power to dismiss an action for repeated failures to comply with court orders is particularly broad in cases filed *in forma pauperis* where the plaintiff has been forewarned of the risk of dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Barnes v. FCC*, 824 F. App'x 745, 748 (11th Cir. 2020) (stating that a district court's discretion "is especially broad . . . when managing *in forma pauperis* cases") (citing *Moreland v. Wharton*, 899 F.2d 1168, 1169 (11th Cir. 1990)); *Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) (affirming dismissal where the plaintiff failed to respond "despite two warnings from the court that a failure to comply could result in the dismissal of his complaint"); *Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914-15 (11th Cir. 2018) (holding where court orders clearly instructed the plaintiff what to do and what was expected of him, but the plaintiff failed to comply with those orders, dismissal of the plaintiff's complaint was reasonable). The Eleventh Circuit has approved procedures for warning plaintiffs and dismissing cases similar to the procedure followed in this case. *See*

*Wilson v. Sargent*, 313 F.3d 1315, 1318, 1320, 1323 (11th Cir. 2002) (approving procedures like those used in this court).

Mr. Woodyard has been provided three opportunities to return a signed Prisoner Consent Form to allow his mandatory filing fee to be withheld from his account in accordance with the procedures set forth in 28 U.S.C. § 1915(b), and Mr. Woodyard has been provided a copy of the form to sign each time. Docs. 5, 11, 22. Mr. Woodyard has three times refused to do so, despite the warning each time that the failure to comply could constitute grounds for dismissal of this action. *See* Docs. 5, 11, 22. This is not Mr. Woodyard's first refusal to return a signed Prisoner Consent Form. *See Woodyard v. Peck,* 5:19-cv-01850-ACA-JEO, Doc. 5 (refusing to submit a Prisoner Consent Form and returning the unsigned form to the court). Accordingly, dismissal is appropriate.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **OVERRULES** Mr. Woodyard's objections. The court **ADOPTS** the Magistrate Judge's report and **ACCEPTS** the recommendation. The court shall **DISMISS** this action **WITHOUT PREJUDICE** based on Mr. Woodyard's failure to comply with repeated instructions of this court.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this 16th day of July, 2021.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE